# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **DIANE THOMAS, Individually** And on behalf of Dewayne A, Thomas, Deceased | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| **BUCHANAN COUNTY, MISSOURI;** | ) ) | **JURY TRIAL DEMANDED** |
| and | ) ) | |
| **BUCHANAN COUNTY, MISSOURI SHERIFF'S DEPARTMENT;** | ) ) ) | |
| and | ) ) | |
| **DOUGLAS PEARCE;** | ) ) | |
| and | ) ) | |
| **MIKE STRONG** (in his individual and Official capacities); | ) ) ) | |
| and | ) ) | |
| **BILL PUETT** (in his official capacity only) | ) ) | |
| and | ) ) | |
| **JENNIE ELKINS;** | ) ) | |
| and | ) ) | |
| **CAROLYN SNEED;** | ) ) | |
| and | ) ) | |
| **DUSTIN NAUMAN;** | ) ) | |
| and | ) ) ) | |

| JOHN DOE 1, JOHN DOE 2, | ) |
| JOHN DOE 3, JOHN DOE 4; | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff Diane Thomas, individually and on behalf of Dewayne A. Thomas (deceased), and states the following cause of action:

## INTRODUCTION

1. This is a civil rights case resulting from the Defendants' violations of Dewayne A. Thomas' (deceased) rights and liberties under United States Constitution and made pursuant to 42 U.S.C. §§ 1983 and 1988. This is also an action for wrongful death pursuant to Missouri's Wrongful Death Act and associated statutes, including but without limitation, Mo. Rev. Stat. §§ 537.080 and 537.090.

2. While in the custody, care, and control of Buchanan County, its local jail, Sherriff, deputies, administrators, jailors and dispatchers, the named Defendants denied Mr. Thomas adequate and proper treatment for a known serious medical and/or psychiatric condition, and the named Defendants failed to protect Mr. Thomas from the same known risks of suicide and to have his serious medical needs addressed. In this regard, Defendants acted in deliberate indifference to the risks associated with Mr. Thomas' known serious medical condition and suicide, and Defendants' inaction amounted to a deliberate indifference to or tacit authorization of violative practices.

3. As a direct and proximate result of Defendants' disregard of accepted standards and this known and recognized condition, Mr. Thomas not only experienced extensive pain and suffering, he died a horrible and preventable death. Defendants' acts and omissions, occasioned under color of state law, evince a knowing and deliberately

indifferent pattern of conduct in violation of both the Eighth and Fourteenth Amendments of the United States Constitution and state law, giving rise to both federal claims and pendent state law claims.

## PARTIES

4. At all relevant times. Plaintiff, Diane Thomas was the biological mother of Dewayne Thomas, deceased ("Decedent"), who was a pre-trial detainee in the custody, care and control of Defendants from October 9, 2015 to and including his date of injury on May 29, 2016. Decedent passed away on June 21, 2016 at Mosaic Hospital in St. Joseph, Missouri. Decedent left behind Plaintiff, his natural mother, Diane Thomas. Plaintiff was at all times relevant a citizen of the State of Missouri and is the surviving Mother of Decedent and is authorized to bring this suit pursuant to Missouri's Wrongful Death Act and associated statutes, including but without limitation, Mo. Rev. Stat. §§ 537.080 and 537.090. Plaintiff is also bringing and asserting the claims of Decedent under 42 U.S.C. §§ 1983 and 1988 for damages associated with the violations of his rights and liberties under the Constitution of the United States of America.

5. At all relevant times Defendant, Buchanan County, Missouri and/or the Buchanan County, Missouri Sheriff's Department (jointly referred to as "County") owned, maintained, controlled and held custody, rule, keeping, and charge of the Buchanan County Jail located in Buchanan County, Missouri where Decedent was detained from October 9, 2015 through May 29, 2016. Defendant County was also charged with the direction and supervision of the same Buchanan County, Missouri Jail and the sheriffs, deputies, jail administrators, jailors and/or dispatchers who ran and kept the Jail and who were within its employ.

6. At all relevant times, Defendant Mike Strong ("Strong") was the Sheriff of Buchanan County, Missouri. As such, Defendant Strong had custody, rule, keeping, and charge of the Buchanan County Jail in Buchanan County, Missouri, and of all prisoners and detainees in said jail. Defendant Strong was and is a citizen of the State of Missouri, and this suit is brought against him in his individual capacity as well as his official capacity.

7. Defendant Bill Puett ("Puett") is the current Sheriff of Buchanan County, Missouri. As such, Defendant Puett has custody, rule, keeping and charge of the Buchanan County Jail in Buchanan County, Missouri, and of all prisoners and detainees in said jail. Defendant Puett was and is a citizen of the state of Missouri, and this suit is brought against him in his official capacity only.

8. At all relevant times, Defendants Douglas Pearce ("Pearce"), Jennie Elkins, Carolyn Sneed, Dustin Nauman, John Doe 1, John Doe 2, John Doe 3 and John Doe 4 were sheriffs, deputies, administrators, jailors, and/or dispatchers employed by Defendant County acting within the course and scope of their employment. These Defendants were and are citizens of the state of Missouri, and the suit is brought against them in their individual capacities as well as their official capacities.

## VENUE AND JURISDICTION

9. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 inasmuch as Plaintiff presents federal claims arising under the Eighth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §§ 1983 and 1988. Further, this Court has jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state law wrongful death claims in that all claims made herein are so related to each other that they form part of the same case or controversy under Article III of the United States

Constitution.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in, and, at the time of this action was commenced, at least one of the Defendants was subject to personal jurisdiction in, Buchanan County, Missouri, which lies within the Kansas City Division of the Western District of Missouri.

## FACTUAL ALLEGATIONS

11. Decedent was a pretrial detainee in the custody, control and care of Defendants at the Buchanan County Jail ("Jail") in Saint Joseph, Missouri during the period from October 9, 2015 to and including May 29, 2016.

12. During this time, Decedent presented serious medical needs that were known by Defendant. They were well aware that Decedent was mentally ill and prescribed prescription medications, including Risperdal and Mirtazapine.

13. During this time, his medical, mental and emotional health deteriorated. Decedent was placed on suicide watch and in a suicide restraint chair on multiple occasions and had attempted suicide multiple times by hitting his head against hard objects.

14. Specifically, Decedent was placed on suicide watch for forty-nine (49) days in 2016 before the injuries he sustained on May 29, 2016.

15. Despite the foregoing, Defendants did not provide the much needed medical and psychiatric treatment and therapy required by Decedent. Defendants failed to adequately protect Decedent from the known risk of suicide made evident by Decedent, failed to have Decedent's serious medical needs adequately addressed, failed to

5

adequately monitor and treat Decedent's medical and psychiatric condition, failed to place him on a proper suicide watch accepted as the national standard and failed to take appropriate measures to prevent Decedent from taking his own life.

16. On May 29, 2016 Defendant Pearce punched Decedent without just cause or provocation.

17. Inevitably, on May 29, 2016, Decedent intentionally injured himself by hitting his head against the floor after diving head first from the bunk, sustaining a fractured skull, neck and hand.

18. On May 29, 2016, defendant Snead attempted to check on Decedent in his cell and found him lying on the floor unresponsive.

19. Decedent was transported to Mosaic Hospital where he was hospitalized for twenty-two days. Decedent eventually died on June 21, 2016 as a result of the injuries he sustained on May 29, 2016.

## COUNT I
## (42 U.S.C. § 1983)

COMES NOW Plaintiff and for Count I of her Complaint against Defendants states and alleges as follows:

20. Plaintiff repleads, realleges and incorporates by reference all allegations contained in paragraphs one (1) through nineteen (19).

21. Plaintiff brings Count I of this cause of action against Defendants pursuant to 42 U.S.C. § 1983 for damages for Defendants' deprivation of Decedent's constitutionally protected liberty rights by reason of Defendants' violation of Decedent's substantive and due process rights pursuant to the Eighth and Fourteenth Amendments

of the Constitution of the United States of America.

22. Defendants knew of Decedent's serious medical needs, including his express, obvious, serious, imminent and substantial risk of suicide. Decedent had a clearly established constitutional right to be protected from the known risks of suicide and to have his serious medical needs addressed, but Defendants failed to respond reasonably to these known risks and needs.

23. Armed with this knowledge, Defendants were deliberately indifferent in at least one or more of the following respects:

   a. ignored Decedent's obvious and severe mental illnesses and substantial risk of suicide;

   b. failed to provide medical treatment and/or therapy for Decedent's condition and substantial risk of suicide;

   c. failed to investigate Decedent's mental illnesses and substantial risk of suicide enough to make an informed judgment about his medical needs;

   d. delayed and/or interfered with Decedent's access to treatment and/or therapy for his diagnosed conditions and substantial risk of suicide;

   e. failed to take reasonable measures to abate the known risk of Decedent's suicide;

   f. failed to place Decedent on appropriate suicide watch or appropriately closely monitor his cell and his behavior; and

   g. otherwise intentionally or recklessly disregarded Decedent's right to adequate medical care.

24. Further Defendant County and Defendants Pearce, Strong, John Doe 1,

John Doe 2, John Doe 3 and John Doe 4 as sheriffs, deputies, and administrators having supervisory capacities, custody, rule keeping and charge of the Buchanan County Jail and its detainees, maintained unconstitutional policies, customs and procedures and were deliberately indifferent, in that they:

    a. Failed to train and supervise jail administrators, jailors, officers and dispatchers on suicide prevention, identification and/or monitoring of at-risk detainees, intake policies and procedures and basic emergency responses to suicide attempts;

    b. failed to implement or require the implementation of a suicide prevention or response policy and procedure, or maintained inadequate suicide prevention and response and intake policies and procedures that did not identify and/or monitor at-risk detainees, identify and monitor prescription medication, permitted dangerous items to remain with at-risk detainees;

    c. failed to enforce suicide prevention or response policies and procedures and to discipline officers for violations of such policies and procedures, and caused, permitted and allowed a custom and practice of continues and persistent deviations from policies and procedures;

    d. failed to adequately staff the jail facility; and

    e. otherwise were deliberately indifferent to or tacitly authorized acts of their subordinates that violated at-risk detainees' and Decedent's constitutional rights.

25. As a direct and proximate result of Defendants' constitutional violations set forth above, and as a direct and proximate result of Defendants' unconstitutional policies,

customs, and procedures, combining, concurring and contributing, Decedent's serious medical needs and known and obvious risk of self-harm was ignored, unmonitored, untreated and/or unidentified, Decedent was permitted to remain in his cell, and Decedent was enabled to commit suicide.

26. Defendants' constitutional violations and Defendants' unconstitutional policies, customs, and procedures, combining, concurring and contributing, were deliberately indifferent to the known and substantial risk of suicide and serious medical needs of Decedent, and deprived him of his right to be free from punishment and to due process of law as guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution.

27. As a direct and proximate result of Defendants' constitutional violations, and as a direct and proximate result of Defendants' unconstitutional policies, customs, and procedures, combining, concurring and contributing, Decedent died on June 21, 2016.

28. As a direct and proximate result of Defendants' constitutional violations and Defendants' unconstitutional policies, customs, and procedures, combining, concurring and contributing, Decedent endured conscious pain and suffering between the time he entered Buchanan County Jail and the time of his death and a general decline in his quality of life.

29. As a direct and proximate result of Defendants' constitutional violations and Defendants' unconstitutional policies, customs, and procedures, combining, concurring and contributing, Plaintiff suffered a loss of consortium and other damages recognized in such common law tort actions.

30. Further, the constitutional violations of Defendants, and each of them, as

described above were outrageous because of their conscious disregard and reckless indifference to the rights of Decedent, thereby warranting an award of punitive and exemplary damages against said Defendant.

WHEREFORE, Plaintiff prays the Court enter a judgment on Count I in favor of Plaintiff and against Defendants, awarding Compensatory and non-economic damages in a reasonable amount to be determined by a jury, Punitive and exemplary damages in an amount sufficient to deter Defendants and others from like conduct, and reasonable attorney's fees and costs incurred in this action pursuant to 42 U.S.C. §§ 1983 and 1988; and such other and further relief as the Court deems just and proper, together with costs and interest.

## COUNT II

### (Mo. Rev. Stat. §537.080)

COMES NOW Plaintiff and for Count II of her Complaint against Defendants, states and alleges as follows:

31. Plaintiff repleads, realleges and incorporates by reference all allegations contained in paragraphs one (1) through thirty (30).

32. Plaintiff brings Count II of this cause of action against Defendants, and she does so individually as Decedent's biological mother pursuant to Mo. Rev. Stat. §§ 537.080 and 537.090.

33. Defendants knew or should have known of the serious medical needs of at-risk detainees, and Defendants knew or should have known of the serious medical needs and serious and substantial risk of suicide presented by Decedent.

34. Defendants had a duty to provide adequate medical care to address the

needs of at-risk detainees, including Decedent, and to take reasonable remedial or preventative measures to avert suicides and suicide attempts by detainees, including Decedent.

35. Defendants were negligent, derelict, reckless, and breached their duties of care in at least one of the following respects:

  a. ignored Decedent's obvious and severe mental illnesses and substantial risk of suicide;

  b. failed to investigate Decedent's mental illnesses and substantial risk of suicide enough to make an informed judgment about his medical needs;

  c. failed to take reasonable measures to abate the known risk of Decedent's suicide;

  d. failed to remove dangerous items from Decedent's cell or person that Decedent could use to harm himself;

  e. failed to place Decedent on appropriate suicide watch or appropriately closely monitor his cell and his behavior;

36. Additionally, Defendant Buchanan County, Missouri, Buchanan County, Missouri Sheriff's Department as well as Defendants' Strong, John Doe 1, John Doe 2, John Doe 3 and John Doe 4, as sheriffs, deputies, jailor and administrators having supervisory capacities, and Defendant County, maintained deficient and inadequate policies, customs and procedures and were negligent and careless, in that they:

  a. Failed to train and supervise jail administrators, jailors, officers, and dispatchers on suicide prevention, identification and/or monitoring of at-risk detainees, intake policies and procedures, and basic emergency responses to

suicide attempts;

  b. failed to implement or require the implementation of a suicide prevention or response policy and procedure, or maintained inadequate suicide prevention and response and intake policies and procedures that did not identify and/or monitor at-risk detainees;

  c. failed to enforce suicide prevention or response policies and procedures and to discipline officers for violations of such policies and procedures, and caused, permitted and allowed a custom and practice of continuous and persistent deviations from policies and procedures;

  d. failed to adequately staff the jail facility; and

  e. otherwise were deliberately indifferent to or tacitly authorized acts of their subordinates that violated at-risk detainees' and Decedent's constitutional rights.

37. The aforesaid acts and omissions of Defendants and each of them directly and proximately caused or contributed to cause Decedent's death.

38. The aforesaid acts and omissions of Defendants and each of them directly and proximately caused or contributed to cause Decedent to endure pain and suffering between the time he entered Buchanan County Jail and the time of his death.

39. The aforesaid acts and omissions of Defendants and each of them directly and proximately caused or contributed to cause Plaintiff to suffer the loss of Decedent's services, consortium, companionship, comfort, instruction, guidance, counsel, training and support.

40. The aforesaid acts and omissions of Defendants and each of them directly

and proximately caused or contributed to cause Plaintiff pecuniary losses, including, but not limited to, medical and funeral expenses.

41. The aforesaid acts and omissions of Defendants and each of them directly and proximately caused or contributed to cause Plaintiff to suffer those injuries and available damages set forth in Mo. Rev. Stat. § 537.090.

42. Further, the aforesaid acts and omissions of Defendants, and each of them, were outrageous and displayed a conscious disregard and reckless indifference to the rights of Decedent and Plaintiff thereby entitling Plaintiff to an award of damages for punitive and aggravating circumstances against Defendants, and each of them.

WHEREFORE, Plaintiff prays the Court enter a judgment on Count II in favor of Plaintiff and against Defendants, awarding Compensatory and non-economic damages in a reasonable amount to be determined by a jury, punitive and exemplary damages in an amount sufficient to deter Defendants and others from like conduct, and reasonable attorney's fees and costs incurred in this action pursuant to 42 U.S.C. §§ 1983 and 1988; and such other and further relief as the Court deems just and proper, together with costs and interest.

## JURY TRIAL DEMAND

Plaintiff respectfully requests a trial by jury on all issues.

Respectfully submitted,

YONKE LAW, LLC

/s/ Michael T. Yonke
Michael T. Yonke, No. 42821
myonke@yonke-law.com
1111 Main Street, Suite 700
Kansas City, Missouri 64105
(816) 221-6400
Facsimile (816) 888-5188

SMITH LAWRENCE, LC

/s/ David R. Smith
David R. Smith, No. 39088
david@smithlawrence.com
700 W. 31st Street, Ste. 408
Kansas City, Missouri 64108
(816) 753-9393
Facsimile (816) 778-0957

ATTORNEYS FOR PLAINTIFF

14